**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1875**

GABRIEL SANCHEZ-BELTRAN,

                Petitioner,

       v.

ERIC H. HOLDER, JR., United States Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 5, 2015         Decided:  March 10, 2015

Before WILKINSON, KING, and AGEE, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

W. Rob Heroy, GOODMAN, CARR PLLC, Charlotte, North Carolina, for Petitioner.  Joyce R. Branda, Acting Assistant Attorney General, Carl McIntyre, Assistant Director, Andrew Oliveira, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Sanchez-Beltran, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion for reconsideration. Because Sanchez-Beltran has abandoned review of the Board's order, we dismiss the petition for review.

On March 26, 2014, the Board dismissed Sanchez-Beltran's appeal from the immigration judge's ("IJ") order denying his request for cancellation of removal, or, in the alternative, voluntary departure. On July 29, 2014, the Board denied Sanchez-Beltran's motion for reconsideration. On August 26, 2014, Sanchez-Beltran filed a timely petition for review from the Board's order denying reconsideration. Sanchez-Beltran had thirty days from the Board's final order to file the petition for review. 8 U.S.C. § 1252(b)(1) (2012). This thirty day time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). It is "not subject to equitable tolling." Id. Sanchez-Beltran's August 26, 2014 petition for review is only timely as to the Board's July 29, 2014 order denying reconsideration. Thus, this Court only has jurisdiction to consider that order.

Under Rule 28 of the Federal Rules of Appellate Procedure, "the argument [section of the brief] . . . must contain . . .

2

appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Furthermore, the "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to challenge the denial of relief under the CAT results in abandonment of that challenge). There is "longstanding Fourth Circuit precedent" holding that we do not consider an issue that was forfeited because it was not discussed in the Petitioner's opening brief. Ogundipe v. Mukasey, 541 F.3d 257, 263 n.4 (4th Cir. 2008). The fact that the Petitioner may raise the issue for the first time in his reply brief does not remedy the matter. Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001).

Sanchez-Beltran has abandoned review of the Board's order denying reconsideration because he does not use his opening brief to cite the statutory authority for reconsideration or the standard used by this court to review the denial of reconsideration. His brief is more properly seen as a challenge to the IJ's decision denying voluntary departure and the Board's order dismissing his appeal.

3

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

4